IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY BALLARD, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | CIVIL NO. 4:CV-14-1015 |
| | : | |
| KATHY GALLE, ET AL., | : | (Judge Brann) |
| | : | |
| Defendants | : | |

**MEMORANDUM**

May 1, 2015

**Background**

This pro se civil rights action pursuant to 42 U.S.C. § 1983 was filed by Anthony Ballard regarding his confinement at the Schuylkill County Prison, Pottsville, Pennsylvania. Service of the Complaint was previously ordered.

Named as Defendants are Nurses Kathy and Elaina Galle,[1] Warden Gene Berdanier, Deputy Warden Dave Wapinsky, Captain William Flannery, and PrimeCare Medical Nursing Staff. Plaintiff states that he was forced to sleep on a mattress on the floor of his cell near the toilet from June 12, 2013 until July 14, 2013. Ballard adds that this placement continued despite his complaints of

---

[1] This Defendant is also referred to as being Alaina in the Complaint.

suffering neck and back pain.  Plaintiff, who describes himself as being Afro-American, also indicates that his two Caucsian cell mates were given preferential treatment in that he was the only one required to sleep on the floor.

The Complaint next contends between February 20-25, 2014, Plaintiff was sick with the flu.[2]  See Doc. 1, ¶ IV(2).  Ballard indicates that his temperature reached as high as 103 degrees and required him to be quarantined.  According to the Complaint, the Plaintiff was not treated properly by the prison nurses during this five day period.  He seeks injunctive relief and monetary damages.

Defendants Catherine Becker, LPN (erroneously identified in the Complaint as Kathy Galle) and Elaina Galle-Harris, LPN (listed in the Complaint as Elaina/Alaina Galle)  have filed a joint motion to dismiss the Complaint.  See Doc. 15.  The unopposed motion is ripe for consideration.

**Discussion**

**Standard of Review**

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of complaints that fail to state a claim upon which relief can be granted.  When ruling on a motion to dismiss under  Rule 12(b)(6), the court must "accept as true all

---

[2] Plaintiff also indicates that he caught the flu because his cell window wouldn't close.

factual allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007)(quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)).

A plaintiff must present facts that, if true, demonstrate a plausible right to relief. See Fed. R. Civ. P. 8(a)(stating that the complaint should include "a short and plain statement of the claim showing that the pleader is entitled to relief"); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). This requirement "calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of" the necessary elements of the plaintiff's cause of action. Id. at 556. A complaint must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Id. Legal conclusions must be supported by factual allegations and the complaint must state a plausible claim for relief. See id. at 679.

"Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. at 555. The reviewing court

must determine whether the complaint "contain[s] either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." Id. at 562; see also Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008)(in order to survive a motion to dismiss, a plaintiff must allege in his complaint "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s]" of a particular cause of action). Additionally, pro se pleadings are to be construed liberally, Haines v. Kerner, 404 U.S. 519, 520 (1972).

**Medical Treatment**

Moving Defendants asserts that the vague factual contentions of inadequate medical treatment are without merit because a viable deliberate indifference claim has not been plead. See Doc. 16, p. 2.

The Eighth Amendment "requires prison officials to provide basic medical treatment to those whom it has incarcerated." Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999) (citing Estelle v. Gamble, 429 U.S. 97 (1976)).[3] In order to establish an Eighth Amendment medical claim, an inmate must allege acts or

---

[3] As pointed out by the Moving Defendants, here is no indication by Plaintiff that he was a pre-trial detainee. If he was, his claims would be considered under the due process clause of the Fourteenth Amendment as opposed to the Eighth Amendment, which is the applicable standard for incarcerated persons. Hubbard v. Taylor, 399 F.3d 150, 158 (3d Cir. 2005).

omissions by prison officials sufficiently harmful to evidence deliberate indifference to a serious medical need.  See Spruill v. Gillis, 372 F.3d 218, 235-36 (3d Cir. 2004); Natale v. Camden Cty. Correctional Facility, 318 F.3d 575, 582 (3d Cir. 2003).  In the context of medical care, the relevant inquiry is whether the defendant was: (1) deliberately indifferent (the subjective component) to (2) the plaintiff's serious medical needs (the objective component).  Monmouth Cty. Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 346 (3d Cir. 1987); West v. Keve, 571 F.2d 158, 161 (3d Cir. 1979).

A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention."  Mines v. Levi, 2009 WL 839011 *7 (E.D. Pa. March 26, 2009)(quoting Colburn, 946 F.2d at 1023); Monmouth Cty. Corr. Inst. Inmates, 834 F.2d at 347.  "[I]f unnecessary and wanton infliction of pain results as a consequence of denial or delay in the provision of adequate medical care, the medical need is of the serious nature contemplated by the Eighth Amendment." Young v. Kazmerski, 266 Fed. Appx. 191, 193 (3d Cir. 2008)(quoting Monmouth Cty. Corr. Inst. Inmates, 834 F.2d at 347).

With respect to the serious medical need requirement, the Complaint seeks relief with respect to what is generally described as a five day bout with the flu

during which Plaintiff's temperature reached 103 degrees and he was quarantined. Based upon the sparseness of the Complaint and Plaintiff's failure to oppose the pending motion to dismiss, it is unclear at his stage in the proceedings as to whether Ballard's flu was of such magnitude as to satisfy the serious medical need requirement.

Assuming <u>arguendo</u> that the Complaint did satisfy the serious medical need threshold, there are no facts asserted which could establish that could support a claim of deliberate indifference. With respect to the subjective deliberate indifference component of <u>Estelle</u>, the proper analysis for deliberate indifference is whether a prison official "acted or failed to act despite his knowledge of a substantial risk of serious harm." <u>Farmer v. Brennan</u>, 511 U.S. 825, 841 (1994). A complaint that a physician "has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment [as] medical malpractice does not become a constitutional violation merely because the victim is a prisoner." <u>Estelle</u>, 429 U.S. at 106.

When a prisoner has actually been provided with medical treatment, one cannot always conclude that, if such treatment was inadequate, it was no more than mere negligence. See <u>Durmer v. O'Carroll</u>, 991 F.2d 64, 69 (3d Cir. 1993). It is true, however, that if inadequate treatment results simply from an error in medical

judgment, there is no constitutional violation.  See id.  However, where a failure or delay in providing prescribed treatment is deliberate and motivated by non-medical factors, a constitutional claim may be presented.  See id.; Ordonez v. Yost, 289 Fed. Appx. 553, 555 (3d Cir. 2008) ("deliberate indifference is proven if necessary medical treatment is delayed for non-medical reasons.").

It is initially noted that this is not a case where Plaintiff is alleging that he was denied any medical treatment or that medication or care was delayed.  Rather, the Complaint generally asserts only that the Moving Defendants "weren't treating me properly."  Doc. 1, ¶ IV(3) .  Given the relatively short five day duration of Plaintiff's illness, his  admissions that he was placed in quarantine and received medical care, along with the failure of the Complaint to identify any apecifica treatment which was allegedly needed and delayed or not provided it is apparent that the claims asserted against LPNs Becker and Galle-Harris are entirely premised on the adequacy of the care they provided.  This determination is further bolstered by Plaintiff's failure to respond to the motion  to dismiss.

In Davidson v. Cannon, 474 U.S. 344, 347-48 (1986), the United States Supreme Court noted that although a lack of due care had resulted in serious injury to an inmate plaintiff, "that lack of care simply does not approach the sort of abusive government conduct" which would warrant recovery under § 1983.  Id. at

347-348.  Simply put, allegations of negligence "do not trigger constitutional protections."  Whooten v. Bussanich, No. 07-1441, slip op. at 4 (3d Cir. Sept. 12, 2007)(citation omitted).[4]

As noted above, this is clearly not a situation where Plaintiff is alleging that he was not provided with required medical attention.  Given the vagueness of the Complaint, at best, Ballard's allegations represent his disagreement with the quality of the medical care provided to him, claims which are not actionable in a civil rights action pursuant to the standards announced in Davidson and Whooten.  The unopposed motion to dismiss will be granted.

BY THE COURT:

  s/ Matthew W. Brann
Matthew W. Brann
United States District Judge

---

[4]  There is no discernible request by Plaintiff that this Court exercise supplemental jurisdiction over a state law negligence claim.  See  28 U.S.C. § 1367